IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM CAVITT                                                PLAINTIFF

        V.                        No. 2:06-MC-42

BOB WILLS, et al.                                            DEFENDANTS

O R D E R

Now on this 21st day of December 2006, there comes on for consideration the Honorable James Marschewski's Motion to Quash Subpoena (Doc. 3) and Plaintiff's Response (Doc. 5). The Court, being well and sufficiently advised in the premises, finds that the Motion to Quash (Doc. 3) should be and hereby is GRANTED.

Plaintiff seeks to depose Judge Marschewski regarding a contempt hearing over which Judge Marschewski presided in *Stilley v. Fort Smith School Dist.*, 2006 WL 2627537. To allow Plaintiff to question Judge Marschewski about the reasons behind any decision he made as a judicial officer is inappropriate.  The overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties. *See United States v. Roebuck*, 271 F.Supp.2d 712 (D. V.I. 2003) *citing United States v. Morgan*, 313 U.S. 409 (1941); *Fayerweather v. Ritch*, 195 U.S. 276 (1904); *Grant v. Shalala*, 989 F.2d 1332 (3d Cir. 1993); *Robinson v.*

*Commissioner of Internal Revenue*, 70 F.3d 34 (5th Cir. 1995);

*United States v. Edwards*, 39 F.Supp.2d 692 (M.D. La. 1999).

*See also, Jones v. Fire & Cas. Ins. Co. Of Conn.*, 266 F. Supp.
91 (D. Conn. 1967)(the rules protecting judges from civil suit
are also significant where discovery of matters occurring in
the course of a judge's conduct in the course of his official
duties is sought from him for use in a suit to which he is not
a party.)  Accordingly, the Motion to Quash Subpoena (Doc. 3)
is GRANTED.

IT IS SO ORDERED this 21st day of December 2006.


/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge